**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4163**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

JAMAHL BURCH,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., Senior District Judge.  (3:23-cr-00151-JAG-1)

Submitted:  July 23, 2026　　　　　　　　　　　　　　Decided:  July 27, 2026

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Donna L. Biderman, LAW OFFICE OF DONNA L. BIDERMAN, PLLC, Fairfax, Virginia, for Appellant.　Carla Jordan-Detamore, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Lauren Nicole Beebe, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamahl Burch pled guilty, pursuant to a plea agreement, to conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349; health care fraud, in violation of 18 U.S.C. §§ 1347, 2; and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A, 2. He was sentenced to an aggregate term of 111 months in prison. On appeal, Burch challenges (1) four supervised release conditions the district court included in the written criminal judgment; (2) the district court's orders restricting Burch's communications during pretrial detention; and (3) the reasonableness of the imposed custodial sentence. The Government moves to dismiss the appeal, in part, asking that we reject Burch's challenge to the supervised release conditions and dismiss the remainder of the appeal based on the appeal waiver in Burch's plea agreement. Burch opposes the Government's motion, primarily asserting that his plea was unknowing and involuntary. We dismiss in part, and affirm in part.

We conclude that Burch has waived his right to appeal his conviction and custodial sentence. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742. *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). "Where, as here, the United States seeks enforcement of an appeal waiver, and there is no claim that the United States breached its obligations under the plea agreement, we will enforce the waiver" so long as "the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005) (internal citations omitted).

2

An appeal waiver is valid if the defendant knowingly and intelligently agreed to it. *Id.* at 169. "To determine whether a defendant knowingly and voluntarily agreed to waive his appellate rights, we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023). "Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Based on the totality of circumstances in this case, we conclude that Burch knowingly and voluntarily entered his guilty plea and understood the appeal waiver.

We further conclude that Burch's challenges regarding his pretrial detention communications and the reasonableness of the imposed custodial sentence fall within the scope of the waiver. According to the plea agreement, Burch waived his "right to appeal the conviction and any sentence within the statutory maximum . . . on any ground whatsoever," with certain exceptions inapplicable here. *United States v. Burch*, No. 3:23-cr-00151-JAG-1 (E.D. Va., PACER No. 63 at 4-5). We thus dismiss the appeal, in part, as to Burch's challenges regarding his pretrial detention communications and the reasonableness of the imposed custodial sentence.

Burch's challenge to his supervised release conditions is not barred by the appeal waiver. *See United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021). We nonetheless reject Burch's argument that the district court violated *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), when the court imposed the challenged conditions. Namely, two of

3

the allegedly unpronounced "conditions" were not discretionary supervised released conditions but were requirements of the parties' agreed-upon presentencing restitution order that was included in Burch's presentence report, and to which the court referred at sentencing. Moreover, the requirement that Burch submit to drug testing is a mandatory supervised release condition required by statute, *see* 18 U.S.C. § 3583(d), and, contrary to Burch's assertions in this court, the district court did announce at sentencing that Burch was required to provide the probation officer with access to requested financial information, *see Burch*, PACER No. 102 at 61. We therefore reject Burch's *Rogers* claims.

Based on the foregoing, we grant the Government's motion and dismiss the appeal, in part, and affirm the criminal judgment, in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4